ANNETTE ANDERSON v. BURLINGTON, CEDAR RAPIDS &
NORTHERN RAILWAY COMPANY.[1]

January 23, 1901.

Nos. 12,357—(202).[2]

## Nuisance—Harmless Questions—New Trial.

In this action,—one to recover damages for the wrongful and unlawful maintenance of a nuisance,—it appearing from the record that the evidence fully sustains the plaintiff's right of recovery, and no claim being made, and it not appearing, that the damages awarded by the jury are excessive or beyond proper and reasonable limits, certain questions put to witnesses on the trial, by which proof of such damages was elicited, though bad in form, are *held* not prejudicial, and no ground for a new trial.

## Assignments of Error.

Assignments of error considered, and *held* to present no reversible error.

Action in the district court for Freeborn county to recover $1,000 damages for maintenance of a nuisance. The case was tried before Kingsley, J., and a jury, which rendered a verdict in favor of plaintiff for $300. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*S. K. Tracy, J. C. Leonard* and *H. C. Carlson,* for appellant.
*Henry A. Morgan* and *H. H. Dunn,* for respondent.

[1] MARY BURKE v. BURLINGTON, CEDAR RAPIDS & NORTHERN
RAILWAY COMPANY.

January 23, 1901.

Nos. 12,356—(203).

PER CURIAM.

This action was tried in the court below jointly with the action of Anderson against the same defendant, and was so presented to this court. The errors complained of here are substantially like those urged in the other action, and the same result is reached.

Order affirmed.

[2] Reported in 84 N. W. 145, 1021.

BROWN, J.[3]

This action is one to recover damages for the alleged wrongful and unlawful maintenance of a nuisance. Plaintiff had a verdict in the court below, and defendant appeals from an order denying a new trial.

Plaintiff resides in the city of Albert Lea, her residence being located near certain stock yards owned and maintained by defendant on the line of its road in said city, and the nuisance complained of consists in the alleged improper and filthy condition in which they are kept. She recognizes the right of defendant to maintain the yards, but complains that they have been so negligently and improperly maintained as to constitute a nuisance. It is alleged in the complaint, and claimed by plaintiff, that filth and dead animals are permitted to remain in the yards, which give off offensive and noxious odors, rendering the residence of plaintiff unpleasant, and the continued occupancy thereof injurious to her health. The defendant answered, alleging, among other things, that the yards were kept in a cleanly and proper condition. There was a full and fair trial of the action in the court below, and the cause was submitted to the jury under clear and impartial instructions. The verdict is well supported by the evidence, and no point is made in the brief of counsel for appellant that the damages are excessive. There are several assignments of error, but those argued all refer to alleged errors in the rulings of the court on the admission of evidence on the subject of damages. None of the other assignments of error are specially urged by appellant.

Some of the questions objected to by defendant, which objections were overruled by the trial court, and which rulings are now assigned as error, are as follows:

"Q. I mean to exclude from your consideration, Mr. Church, the question about the stock yards being removed at all. I take it with the stock yards there, but properly maintained, assuming the stock yards are there, and kept and maintained there, assuming the objectionable features you have heard described, and that

[3] LOVELY, J., took no part.

testimony was true, what was the value of the use and occupation of Mrs. Anderson's property as covered by my question?"

"Q. What would have been the value of the use and occupation of those same premises with those objectionable features and conditions removed, and the stock yards kept in a proper condition?"

A question to plaintiff: "Do you know what the value and use of those premises of yours would have been if the annoyance and noise from the stock yards had not existed?"

A question to witness Church: "What would have been the value of the use and occupancy of that property without—or using those stock yards in a proper condition, as included in my other question?"

It is contended by appellant that these and other similar questions assume that objectionable features with respect to the maintenance of the stock yards in fact existed, and that they call upon the witnesses to determine what would be a proper condition in which to keep them. Those matters were, of course, for the jury to determine; and the questions, standing alone, in a measure, at least, invade the province of the jury, and require or permit the witnesses to determine them by their opinion as to the decreased rental value of the property. The questions are bad in form, but, as no prejudice resulted to defendant therefrom, they present no reversible error. The questions complained of should be considered in connection with questions laying a foundation for the opinion of the witnesses, and the other questions and evidence to which they refer. But as there is no doubt but that the evidence sustains the verdict, both with respect to the nuisance and the amount of damages awarded, it would not be in accord with the administration of the law on broad and substantial grounds to return the cause to the court below for another trial because of the errors here complained of. The questions objected to and now urged as improper relate solely to the matter of damages, and if plaintiff is entitled to recover, as the evidence very satisfactorily shows that she is, and if the damages awarded are within reasonable and proper limits and not excessive,—there is no claim that they are excessive,—no prejudice could possibly result to defendant from the form of the questions

by which proof of the damages was elicited. Plaintiff has recovered no more than she was entitled to, and, presumably, the same amount would have been awarded by the jury had the questions complained of been in proper form.

Though not argued by counsel, we have considered all other assignments of error, and find no ground on which to base a reversal of the order appealed from.

Order affirmed.