# IRA BARNES v. HERMIS L. SPENCER.[1]

December 23, 1910.

Nos. 16,859—(105).

**Action for wages — verdict sustained by evidence.**
Evidence considered, and *held* to sustain verdict.

**Evidence — charge to jury.**
Certain rulings upon evidence and instructions to the jury examined, and found without reversible error.

Action in the municipal court of Minneapolis to recover $287.56. The amended answer alleged that plaintiff performed services for defendant amounting in all to $810.74, of which sum he had been paid $736.55, leaving a balance of $74.19; for a defense to the second and third causes of action defendant alleged that he had received of plaintiff $37.50, of which plaintiff had been paid all except the sum of $17.50. For a further defense and counterclaim defendant alleged that in the years 1906, 1907 and 1908 defendant paid, furnished and advanced certain sums amounting to $80.15; that on or about February 12, 1909, defendant tendered to plaintiff the sum of $28.40, the balance due, which plaintiff refused. The case was tried before Charles L. Smith, J., and a jury which returned a verdict in favor of plaintiff for $180. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*John J. McHale,* for appellant.
*Anthony T. Grotte,* for respondent.

O'BRIEN, J.

Plaintiff sued for a balance claimed to be due him for wages as teamster, and also for certain advances. Defendant answered, denying rate of wages, the total time of employment claimed, alleging additional credits, and finally admitting a small balance due plain-

[1]Reported in 129 N. W. 140.

tiff. The action was submitted to a jury in the municipal court, and a verdict for considerably less than plaintiff's claim, but more than the admitted balance, was returned in plaintiff's favor. Defendant appeals from an order denying a new trial.

1. In denying a new trial the court made his memorandum a part of the order, from which it appears that this is the second verdict rendered in this case in plaintiff's favor; a former one having been set aside as against the evidence. We will not attempt to recite the evidence before us in the present record. It was conflicting as to the rate of wages, the exact period of plaintiff's employment, and the credits to which defendant was entitled. The detailed accounts of both parties were before the jury, and we agree with the trial judge that the evidence would sustain a verdict in favor of either party. The discretion of the court has once been exercised in defendant's favor, and there is in the record evidence abundantly sufficient to prevent us from overruling the judgment of the trial judge in finding the evidence sufficient to sustain the verdict.

2. Plaintiff claimed an express contract as to wages. He was permitted to testify as to the character of his work, and perhaps additional work, such as choring. This was not error, as the probability of the contract claimed was an element proper to be considered by the jury.

3. Defendant owned several teams of horses, which he was accustomed to let to lumber companies during the logging seasons. One of the disputed questions was in whose employ, the defendant's or the logging company's, plaintiff was during these periods. Plaintiff testified to continuous employment by defendant until February, 1909; but his claim for wages, as contained in the bill of particulars furnished by him, ended December 5, 1908, upon the theory that, having been paid after that date by the lumber company the full wages claimed, he should not charge the same against defendant. Notwithstanding this, defendant insisted upon the introduction of a written contract between the lumber company and defendant, from which it appeared the contract was solely with reference to teams, and did not include plaintiff's services. The periods for which plaintiff claimed a right to recover were not included in the con-

tract offered. The contract was also with a company different from those to whom defendant had previously let his teams. The terms of those prior contracts had been given; so, while we think this written contract was admissible, for the same reasons that plaintiff was permitted to show the character of his work—i. e., to show the probabilities of the situation—its evidentiary value was so slight we do not consider its rejection reversible error. Anderson v. Burlington, C. R. & N. Ry. Co., 82 Minn. 293, 84 N. W. 1021; Crowley v. Burns Boiler & Mnfg. Co., 100 Minn. 178, 110 N. W. 969.

4. Plaintiff, during part of the time he claims to have been in defendant's employ, was in charge of defendant's team or teams thus let to a lumber company. As we understand the record, plaintiff credited the defendant with payments of wages during those periods at the rate he claimed to be entitled to from defendant, $40 per month; the payments having been actually made by the lumber companies direct. The court instructed the jury, this being true, it was immaterial what wages defendant actually received while in the woods. We see no error in this, as defendant claimed no additional credit for this time. Neither was it error to say plaintiff claimed the lumber companies paid his wages to avoid liens. The statement seems immaterial.

One ground upon which a new trial was asked was newly-discovered evidence, showing plaintiff actually received, while employed by the lumber company, $45 per month, instead of $40 per month, as claimed. While this would tend to contradict plaintiff's testimony, we are not prepared to say there was error in holding defendant had not shown sufficient diligence in obtaining the evidence.

Order affirmed.